**Alexandria**

DONALD F. BELLFIELD

v.

COMMONWEALTH OF VIRGINIA

No. 1574-88-4

Decided November 13, 1990

COUNSEL

Mario Bezzini, for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

KEENAN, J.—Donald Bellfield appeals his conviction by a jury on one count of possession of cocaine with the intent to distribute. On appeal, he argues that the trial court erred by refusing to instruct the jury on the elements of simple possession, a lesser included offense. We agree and accordingly, we reverse Bellfield's conviction.[1]

---

[1] Bellfield also argues on appeal that the trial court erred when it admitted a certificate of analysis into evidence over his objection because a copy of the certificate had not been mailed to Bellfield's counsel in accordance with the requirements of Code § 19.2-187 and the court's discovery order. Because we reverse Bellfield's conviction on the grounds that the trial court failed to properly instruct the jury, and these procedural objections to the certificate's admissibility are not likely to arise at any new trial, we do not address in this opinion whether the certificate should have been admitted into evidence at trial.

The case before us involved a series of events which occurred on June 3, 1988 at or near a townhouse located at 7956 Andrews Court in Fairfax County, Virginia. Officer Black testified that he was assigned to conduct a surveillance of this address in the early evening of June 3, prior to execution of a search warrant for the residence. Officer Black arrived at the residence at approximately 6:30 p.m. He parked his vehicle in front of the townhouse and remained inside. Shortly thereafter, he observed Bellfield exit the townhouse.

Officer Black then observed Bellfield for the next fifteen to twenty minutes. At first Bellfield just stood around in the street. However, when a car approached, Black observed Bellfield walk up to it and lean inside for up to a minute. After the car drove off, Black watched as Bellfield returned to the corner. Bellfield continued to stand around until another car came by. Bellfield repeated this behavior with four or five cars. Black testified, however, that he never observed Bellfield either reach into or take money back from the cars.

Bellfield then approached Black's vehicle. Although Black began to drive off, Bellfield opened the passenger door and leaned in. Bellfield asked Black: "Are you looking?" Black said no. He asked Bellfield what he had and Bellfield replied: "Twenty-five." Bellfield then walked back to the townhouse.

That evening, Officer Kelly executed a search warrant at the townhouse at 10:45 p.m. Inside the house, Bellfield was taken into custody as he moved hurriedly toward the back of the house. Kelly approached Bellfield and noticed a small glassine packet protruding from his pocket. Kelly seized the packet which contained two $25 rocks of cocaine. A second packet containing similar size rocks of cocaine was found on the floor within twelve inches of where Bellfield was standing. Kelly indicated that Bellfield appeared to be under the influence of cocaine at the time he was taken into custody.

At trial, the court rejected a proposed jury instruction offered by Bellfield regarding simple possession of cocaine. The court stated: "I believe that the Commonwealth has either proved possession with intent or it has not proved, or the defendant should not be guilty." The defendant was convicted of possession with the intent to distribute.

On appeal, Bellfield argues that simple possession is a lesser included offense of possession with the intent to distribute. Thus, Bellfield claims that under Virginia law the trial court was required to instruct the jury on this lesser offense so long as there was evidence tending to prove the lesser offense. The Commonwealth responds that pursuant to *Sansone v. United States*, 380 U.S. 343 (1965), an instruction regarding a lesser offense is not required unless a finding of guilty regarding the greater charge requires the jury to find a disputed factual element not at issue for conviction of the lesser charge. The Commonwealth claims that since there was no factual dispute as to Bellfield's intent, an instruction on simple possession was not required.

■ In addressing when an instruction on a lesser offense should be given, the Supreme Court of Virginia repeatedly has held that where there is any credible evidence supporting a proffered instruction, failure to give the instruction is reversible error. *See, e.g., Taylor v. Commonwealth*, 186 Va. 587, 591, 43 S.E.2d 906, 908 (1947); *McClung v. Commonwealth*, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975). In the case before us, Bellfield was apprehended at 10:45 p.m. At that time he appeared to Officer Kelly to be under the influence of cocaine. Four $25 rocks, totalling less than a gram of cocaine, were found on or about his person. Officer Kelly testified that he personally had no evidence to show that Bellfield was in the townhouse trying to sell drugs that evening. We find that credible evidence was presented from which a jury could have concluded that Bellfield merely possessed the cocaine for his personal use, not with the intent to distribute it.

We acknowledge that the jury also could have concluded that Bellfield did possess the cocaine with an intent to distribute it. The evidence pertaining to Bellfield's conduct earlier in the evening and Officer Black's conversation with Bellfield would permit a reasonable inference that Bellfield was attempting to distribute cocaine. This conclusion is buttressed by Black's testimony that, based on his experience, he specifically understood Bellfield's question to him to be an inquiry into whether Black wanted to buy a quarter gram of cocaine.

■ However, when considering on appeal whether an instruction was improperly refused, "[i]t is immaterial that the jury could have reached contrary conclusions." *McClung*, 215 Va. at 657, 212 S.E.2d at 293; *see Barrett v. Commonwealth*, 231 Va.

102, 107, 341 S.E.2d 190, 193 (1986). "[I]f there is evidence tending to support the lesser offense, a trial court errs in refusing an instruction thereon." *Barrett*, 231 Va. at 107, 341 S.E.2d at 193. Because we find that there was evidence tending to support an instruction on simple possession, the trial court's failure to so instruct the jury was reversible error.

■ We are not persuaded by the Commonwealth's reliance on *Sansone*. In *Sansone*, the Supreme Court stated:

> Thus, "[i]n a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it . . . [is] entitled to an instruction which would permit a finding of guilt of the lesser offense." But a lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. . . . A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.

*Id.* at 349-50. In the case before us, some of the elements of the crime of possession with intent to distribute constituted the lesser crime of simple possession. In addition, the factual issues to be resolved by the jury were distinct as to each charge, since a finding of intent to distribute was only required to sustain a conviction of the greater charge.

■ The sole question then, is whether the jury was required to find a disputed factual element in order to convict Bellfield of possession with intent to distribute rather than mere possession. The Commonwealth claims that the jury was not required to weigh disputed evidence because the Commonwealth's evidence clearly established Bellfield's intent to distribute and Bellfield produced no evidence to the contrary. We do not, however, read this language to mean that a lesser included offense instruction is·proper only when there is conflicting testimony as to a factual element. Rather, we read *Sansone* to hold that a lesser included offense instruction is required so long as a factual element must be proved. This reading is consistent with Virginia decisions rendered subsequent to *Sansone*, which require a lesser included offense instruction as long as there is credible evidence to support such an

instruction.

· The Commonwealth also relies on *Guss v. Commonwealth*, 217 Va. 13, 225 S.E.2d 196 (1976), for its argument that the lesser included offense instruction was not necessary. The Commonwealth maintains that the jury could not have found Bellfield guilty of the lesser crime of simple possession without unreasonably accepting part of the evidence and rejecting the remainder. In *Guss*, the Supreme Court held that the trial court did not err when it refused to instruct the jury on the lesser included offense of assault and battery during Guss's trial for robbery. In that case, however, the Supreme Court specifically found that "[a]ll the evidence showed that the defendant struck and beat [the victim] and that he took [his] wallet concomitant with the striking and beating." *Id.* at 15, 225 S.E.2d at 197. Thus, the Court concluded that "[e]ven though the jury might entirely reject this uncontradicted evidence and choose to acquit the defendant of robbery, it could not rationally find him guilty of the lesser crime of assault and battery because it would be unreasonable for the jury to accept only a part of the evidence while rejecting the remainder." *Id.*

In the case before us, the actions which Officer Black observed outside the townhouse occurred four hours prior to Bellfield's arrest. The only evidence directly suggesting Bellfield had an intent to distribute the cocaine is Officer Black's testimony regarding his understanding of his conversation with Bellfield. In addition, Officer Black did not see any drugs or money exchange hands during this time period. "The jury is not required to accept, in toto, either the theory of the Commonwealth or that of an accused. They have the right to reject that part of the evidence believed by them to be untrue and to accept that found by them to be true. In so doing, they have broad discretion in applying the law to the facts and in fixing the degree of guilt, if any, of a person charged with a crime." *Barrett*, 231 Va. at 107, 341 S.E.2d at 193. Based on the evidence presented at trial, Bellfield was entitled to have the jury consider the weight to be afforded to the Commonwealth's evidence and the credibility of the Commonwealth's witnesses to determine whether the Commonwealth met its burden of proving that Bellfield not only possessed the cocaine seized by Officer Kelly but that he possessed it with the intent to distribute.

Because we find that there was evidence which tended to support the lesser offense, the trial court should have instructed the jury as to both the greater and the lesser charge. Accordingly, Bellfield's conviction is reversed and this case is remanded to the trial court for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Benton, J., and Moon, J., concurred.