Tommie L. MOORE, Appellant,

v.

UNITED STATES, Appellee.

No. 90–837.

District of Columbia Court of Appeals.

Argued Sept. 16, 1991.

Decided Nov. 27, 1991.

Howard F. Bramson, Washington, D.C. appointed by this court, for appellant.

Robin Ashton, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas J. Tourish, Jr., and William J. Hochul, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before STEADMAN, SCHWELB and FARRELL, Associate Judges.

SCHWELB, Associate Judge:

I

Moore was convicted by a jury of mayhem, in violation of D.C.Code § 22–506 (1989), and assault with a dangerous weapon (shod foot) (ADW), in violation of D.C.Code § 22–502 (1989). These convictions arose out of an incident in which, while wearing work boots, Moore allegedly kicked a young woman in the eye and face, lacerating her cornea and permanently blinding or near-blinding her in one eye.

According to the complaining witness, Moore approached her in the street in the early morning hours of May 23, 1989 and requested sex. After she refused his advances, he choked and punched her. The complaining witness broke away and ran across the street, but tripped and fell. Moore caught up with her and renewed his assault, hitting her and kicking her in the eye. The complainant's account of the beating and kicking was substantially corroborated by a woman (a stranger both to Moore and to his victim) who was able to observe the altercation from her window.

According to Moore, the complaining witness was a prostitute who stole money from him while he and another woman were consummating romantic activity in his apartment. Moore admitted slapping the complainant and chasing her into the street, but denied kicking her. Moore claimed that the complainant injured her eye when she fell against the curb.

The jury resolved the decisive factual issues in the prosecution's favor, and Moore was sentenced to serve two concurrent prison terms of two to six years. The judge recommended that he be granted work release after fifteen months of incarceration.

On appeal, Moore contends that the trial judge committed reversible error by denying his motion for judgment of acquittal on the ADW charge, by permit-

ting a third year resident in ophthalmology to testify as to her opinion regarding the permanence of the injury to the complainant's eye, and by refusing to instruct the jury with respect to simple assault as a lesser included offense of mayhem. We are unpersuaded by either of the first two contentions[1] but find merit in the third. Accordingly, we affirm Moore's ADW conviction but vacate his conviction for mayhem.[2]

## II

■ The judge instructed the jurors on assault as a lesser included offense of ADW. He did not, however, instruct them that assault is also a lesser included offense of mayhem. As a result, on the mayhem count, the jury had only two alternatives, namely, to convict Moore of mayhem or to acquit him outright. Moore contends that it was reversible error not to give the jury the third choice of convicting him of the lesser included offense of assault.

■ It is not disputed by the government that assault is in fact a lesser included offense of mayhem. As we recently stated in *Edwards v. United States*, 583 A.2d 661, 668 (D.C.1990),

[t]he elements of mayhem are: (1) that the defendant caused permanent disabling injury to another; (2) that he had the general intent to do the injurious act; and (3) that he did so willfully and mali-

ciously. *Wynn v. United States*, 538 A.2d 1139, 1145 (D.C.1988).

A "battery type" assault such as that alleged here is an attempt or effort, with force or violence, to do injury to the person of another; the prosecution must prove that the defendant had the apparent present ability to carry out such an attempt or effort, and had a general intent to do the act or acts constituting the assault. *Williamson v. United States*, 445 A.2d 975, 978 (D.C.1982); *Jones v. United States*, 401 A.2d 473, 475 (D.C.1979); *see also* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.11 (3d ed.1975). We held in *Edwards, supra*, that assault is a lesser included offense of malicious disfigurement, *id.*, 583 A.2d at 668, and now conclude that it is likewise a lesser included offense of mayhem.[3]

■ "A defendant is entitled to a lesser included offense instruction when ... all elements of the lesser offense are included in the offense charged, and [when] there is a sufficient evidentiary basis for the lesser charge." *Simmons v. United States*, 554 A.2d 1167, 1170 (D.C.1989). In the present case, Moore testified that he slapped the complaining witness but did not kick her. He vigorously challenged the allegation that his accuser suffered disabling permanent injury. If the jury had entertained a reasonable doubt that Moore kicked the complainant (rather than merely slapping her), or if it was not satisfied that the

---

1. We are satisfied that an impartial jury could reasonably find beyond a reasonable doubt that Moore's boot-clad foot was a dangerous weapon and that the complainant's injuries were inflicted with it. *See Medlin v. United States*, 93 U.S.App.D.C. 64, 207 F.2d 33 (1953) (per curiam), *cert. denied*, 347 U.S. 905, 74 S.Ct. 431, 98 L.Ed. 1064 (1954). We think it obvious that such a jury could likewise find beyond a reasonable doubt that kicks with a boot could inflict more serious injuries than would have been inflicted if Moore had not been wearing one. In any event, we know of no support for Moore's contention that such a comparison was required.

 The judge could likewise reasonably find that the resident in ophthalmology had sufficient skill, knowledge or experience to make it appear that her opinion would probably aid the jurors in their search for truth. *See In re Melton*, 597 A.2d 892, 897–898 (D.C.1991) (en banc)

and authorities there cited. Although the judge ruled that the witness "won't be an expert, but ... can give her opinion based on her training," she was plainly qualified to give expert testimony, and the apparent imprecision in the judge's phrasing is of no consequence.

2. We note that since Moore received concurrent sentences, our disposition affects only the collateral consequences of his mayhem conviction and not the amount of time he has been or will be required to serve.

3. The similarities and differences between mayhem and malicious disfigurement (two offenses prohibited by the same statute, D.C.Code § 22–506 (1989)) are enumerated in *Edwards, supra*, 583 A.2d at 668–69. There are no differences relevant to the question whether assault is a lesser included offense.

prosecutor had proved that the injury to the woman's eye was permanent, it could rationally have found Moore not guilty of mayhem but guilty of assault.[4] Under these circumstances, he was entitled, upon timely request, to an instruction on assault in connection with the mayhem count.

■ During discussion with counsel as to whether such an instruction should have been given, the judge remarked that the jurors

> are not going to find this person guilty of assault. If anything, they're going to find him guilty of mayhem, in my view, on this evidence.

It is not clear whether this was simply a casual comment separate from the judge's legal analysis, or whether the judge included in his decision-making calculus his personal assessment of the evidence against Moore. Whatever may have been intended, a defendant's right to a lesser included offense instruction does not depend on a judge's opinion of the weight of the evidence. As the Supreme Court explained almost a century ago in *Stevenson v. United States*, 162 U.S. 313, 323, 16 S.Ct. 839, 843, 40 L.Ed. 980 (1896),

> [a] judge may be entirely satisfied from the whole evidence in the case, that the person doing the killing was actuated by malice; that he was not in any such passion as to lower the grade of the crime from murder to manslaughter by reason of any absence of malice; and yet if there be any evidence fairly tending to bear upon the issue of manslaughter, it is the province of the jury to determine from all the evidence what the condition of mind was, and to say whether the crime was murder or manslaughter.

*See also Beck v. Alabama*, 447 U.S. 625, 636, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) (quoting *Stevenson*); *Keeble v. United States*, 412 U.S. 205, 212–13, 93 S.Ct. 1993, 1997–98, 36 L.Ed.2d 844 (1973).

The judge also expressed doubt that Moore could be prejudiced if the jury were given a choice between finding him guilty of mayhem and acquitting him.[5] We cannot say that the judge's view was illogical; if the jurors could not find beyond a reasonable doubt that the complainant's injuries were permanent, they were obligated under the court's instructions to acquit the defendant. Indeed, the lesser included offense doctrine evolved at common law "to prevent *the prosecution* from failing where some element of the crime charged was not made out." *Kelly v. United States*, 125 U.S.App.D.C. 205, 207, 370 F.2d 227, 229 (1966) (emphasis added) (quoting *People v. Mussenden*, 308 N.Y. 558, 562, 127 N.E.2d 551, 553 (1955)), *cert. denied*, 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967).

The Supreme Court has held in this context, however, that theoretical considerations must yield to the Court's perception of what might happen in reality:

> True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defen-

---

**4.** The existence of a rational basis for a finding of assault is critical, for where the evidence will not support such a finding, a lesser included offense instruction may not be given simply to permit the defendant to plead for mercy. *Kelly v. United States*, 125 U.S.App.D.C. 205, 207, 370 F.2d 227, 229 (1966), *cert. denied*, 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967); *see also Spaziano v. Florida*, 468 U.S. 447, 455, 104 S.Ct. 3154, 3159, 82 L.Ed.2d 340 (1984).

**5.** The following colloquy occurred:

> THE COURT: I don't see how you are prejudiced by my not giving you the instruction on the simple assault on the mayhem charge.
> MR. BRAMSON [counsel for Moore]: Because the jury can find that the injury was caused by the defendant, but the government hasn't proved permanent.
> THE COURT: I'm going to instruct them on that. They're going to have to find it's permanent. If they don't find it's permanent, then they're supposed to find him not guilty, if they're following the instructions of the Court.

dant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction. In the case before us, for example, an intent to commit serious bodily injury is a necessary element of the crime with which petitioner was charged, but not of the crime of simple assault. Since the nature of petitioner's intent was very much in dispute at trial, the jury could rationally have convicted him of simple assault if that option had been presented. But the jury was presented with only two options: convicting the defendant of assault with intent to commit great bodily injury, or acquitting him outright. We cannot say that the availability of a third option—convicting the defendant of simple assault— could not have resulted in a different verdict.

*Keeble, supra,* 412 U.S. at 212–13, 93 S.Ct. at 1997–98 (emphasis in original); *Beck, supra,* 447 U.S. at 635, 100 S.Ct. at 2388 (quoting *Keeble*); *see also Spaziano v. Florida,* 468 U.S. 447, 455, 104 S.Ct. 3154, 3159, 82 L.Ed.2d 340 (1984) ("[t]he goal of the *Beck* rule ... is to eliminate the distortion of the factfinding process that is created when the jury is forced into an all-or-nothing choice between capital murder and innocence").

### III

■ The government does not take issue with these principles, but contends that Moore was not entitled to an instruction on assault as a lesser included offense of mayhem because, it claims, he failed to make a timely request for one. Correctly noting that proposed instructions must be submitted prior to closing argument, so that counsel are in a position to know, at the time they frame those arguments, what the judge's instructions will be, *see Shreeves v. United States,* 395 A.2d 774, 786 (D.C.1978), *cert. denied,* 441 U.S. 943, 99 S.Ct. 2161, 60 L.Ed.2d 1045 (1979), the government contended below, and now claims here, that Moore waived his right to the instruction because no request for it was made until after counsel had made their arguments. The trial judge agreed with this evaluation of the posture of the

case, and he declined to instruct on assault as a lesser included offense of mayhem. Although the record on the point could be clearer, we conclude that counsel made a timely request and that there was no waiver.

The trial began on April 3, 1990. In the afternoon of the first day, during a brief discussion regarding instructions, the judge stated that he would treat ADW as a lesser included offense of mayhem. He stated that "[i]f they can't reach a verdict on the mayhem, they will have to drop to ADW, because that's what it is." The prosecutor correctly explained, however, that

the way the indictment reads, it's not a lesser included. The mayhem that was indicted is an unarmed count, and it requires the additional specific element of permanent injury.

The ADW does require a weapon, and it does not require a permanent injury. So, therefore, each count includes something that the other does not, and for that reason, we would submit, cannot be considered a lesser included offense.

■ After studying the indictment, the judge remarked that "whether they convicted on both, you would get one sentence." This assessment was also incorrect; consecutive sentences are permissible when two offenses with different elements have been committed, even if both arise from the same event or series of events. *See Byrd v. United States,* 598 A.2d 386, 388–391 (D.C.1991) (en banc). The prosecutor nevertheless agreed with the judge, and the court adjourned for the evening. Up to this point, at least, the discussions between court and counsel were predicated upon an apparent assumption on the part of the judge that the two counts of the indictment would eventually merge.

When the court reconvened on the following morning, there was a brief discussion of the framing of the mayhem instruction. In response to a question from the judge, Moore's counsel stated that "we have no special instructions requested."

After the presentation of evidence was completed, however, Moore's counsel made a motion for a judgment of acquittal (MJOA). Arguing that the government's evidence was insufficient to permit either mayhem or ADW to be sent to the jury, counsel argued that

> all they have on the charge is simple assault, and that should be rolled up *as a lesser included of mayhem* if the mayhem charge stands.

(Emphasis added). The judge denied Moore's MJOA.

The discussion then turned once again to the court's instructions, as follows:

> MR. BRAMSON [counsel for Moore]: Yesterday the court said that the ADW was going to be a lesser included.
>
> THE COURT: No, it's not.
>
> MR. BRAMSON: I'd ask the court's findings that the one incident gives rise to the two separate counts, and ADW is not a lesser of mayhem—
>
> THE COURT: In case they find him guilty on both counts.
>
> MR. BRAMSON: We'd ask that the Court give the lesser included of simple assault.
>
> THE COURT: No.
>
> MR. BRAMSON: Your Honor, *the law is clear in mayhem and ADW* that if there is any evidence to support simple assault, then it must be given—it must be given by the Court. My client testified that he slapped Ms. Beasley. That's simple assault. The jury must be able to find the lesser included if they choose to believe his story on simple assault.

(Emphasis added). Once it had become apparent that the judge would not treat ADW as a lesser included offense of mayhem, defense counsel specifically requested an instruction on assault as a lesser included offense of that crime.[6]

This was the state of the record when the attorneys gave their closing arguments. The prosecutor, apparently believing that an instruction on assault would be given only with respect to the ADW charge, argued to the jurors that they should find that Moore's shod foot was a weapon, and that they should convict Moore of the greater charge (ADW) rather than of the lesser one (assault). He did not, however, make any comparable argument in favor of a conviction of mayhem rather than of assault. Defense counsel, on the other hand, was obviously confident that he had preserved the point:

> Now, the judge is going to give you another instruction. He's going to tell you you can first find guilty or not guilty on the mayhem, and guilty or not guilty on the assault with a deadly or dangerous weapon, then he's going to tell you that you have a choice.
>
> If you find not guilty on those charges, you can then consider another charge which is not in the indictment, which you didn't hear before. The charge is simple assault.

The attorneys thus apparently delivered their closing arguments with different understandings of what the judge was proposing to do about assault as a lesser included offense of mayhem.

After closing argument, Moore's attorney stated once more, in response to a question from the judge, that he wanted an instruction on assault as a lesser included offense both of mayhem and of ADW. The prosecutor objected, claiming that the request had come too late and that he had made his own closing argument on the assumption that no such instruction would be given as to mayhem. Insisting that

---

6. The government relies on the following exchange, which occurred immediately after the discussion quoted in the text:

> THE COURT: You want me to give not only assault with a dangerous weapon; you want me to give simple assault, too?
>
> MR. BRAMSON: Well, we don't want ADW at all. But, if the Court is going to give the ADW and leave it in, then we would request the simple assault.

> THE COURT: All right.

In context, counsel's statement was simply a repetition of his argument that, if the ADW count survived, he was requesting assault as a lesser included offense of ADW. This did not affect counsel's previous requests that the judge *also* instruct on assault as a lesser included offense of mayhem.

defense counsel had "only asked for a lesser included offense instruction on assault with a dangerous weapon" and that Moore would not be prejudiced in any event, the judge declined the defense request.

 Where there is an evidentiary basis for an instruction on a lesser included offense, the defendant's right to such an instruction implicates constitutional considerations of basic fairness. *Beck, supra,* 447 U.S. at 637, 100 S.Ct. at 2389. In close cases, a lesser included offense instruction should be given. *Wright v. United States,* 505 A.2d 470, 472 (D.C.1986); *see also Simmons, supra,* 554 A.2d at 1170. The government contends that Moore has "waived" his right to the instruction, but a waiver of a right of this kind is not to be lightly inferred where, as here, Moore's counsel did communicate his request to the judge with reasonable (though perhaps not consummate) clarity. Accordingly, we hold that Moore was entitled to an instruction on assault as a lesser included offense of mayhem.[7]

### IV

 We note, *sua sponte,* that in *Schad v. Arizona,* — U.S. ——, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) a closely divided Supreme Court held that a defendant charged with premeditated murder and felony murder had no due process right to an instruction on the lesser included offense of robbery, where the jury had been instructed on the lesser included offense of second degree murder. The Court distinguished *Beck* because "petitioner's jury was not faced with an all-or-nothing choice between the offense of conviction (capital murder) and innocence." *Id.* 111 S.Ct. at 2505. Justice White, writing in dissent for himself and for three other justices, was of the opinion that "[d]ue process required that the jury be given the opportunity to convict petitioner of robbery, a necessarily lesser included offense of felony murder/robbery." *Id.,* 111 S.Ct. at 2513.

The prosecution placed all of its eggs in this case in the "Moore waived his rights" basket. In its appellate submission, the government neither cited *Schad* nor made any argument conforming or comparable to the Court's reasoning in that case. We may, to be sure, affirm the trial court's judgment on any ground. *See Craig v. United States,* 551 A.2d 440, 440 n. 4 (D.C.1989); *In re O.L.,* 584 A.2d 1230, 1232 n. 6 (D.C.1991). We would be reluctant, however, to decide the case on a theory which has not been argued and to which counsel for Moore has had no opportunity to respond.

In any event, we think *Schad* is distinguishable from the present case. In *Schad,* the jury was not left with the choice of acquitting the defendant altogether and finding him guilty of first degree murder. Rather, it had a third option of convicting him of the lesser included offense of second degree murder. In the present case, the jury was compelled either to acquit Moore on the mayhem charge or to find him guilty as charged. No intermediate option was available.[8]

It is true that the jurors could have acquitted Moore of mayhem without necessarily causing him to go free. It was possible for them to convict him of assault with a dangerous weapon; indeed, they ultimately did so. The practical consequence

---

7. After the jurors had begun their deliberations, they sent a note to the judge which read as follows: "If we believe the defendant kicked Ms. Beasley in the head, but some doubt whether kick injured eye, can we convict?" The government contends that Moore waived his right to an instruction regarding assault as a lesser included offense of mayhem because he did not again request such an instruction in response to this note.

We find this contention unpersuasive. The judge had already denied counsel's request for this instruction before delivering his charge to the jury. It would have been extraordinary, to say the least, for the judge to instruct the jury about a lesser included offense for the first time in response to a note sent during deliberations.

8. In addition, the Court in *Schad* could consider only whether the Constitution required that the jury be instructed with respect to robbery, for it was bound by the Arizona courts' interpretation of Arizona law. In the present case, we are required, apart from any constitutional issue, to determine whether Moore was entitled to the requested instruction as a matter of substantive District of Columbia law.

of an acquittal of mayhem was not necessarily the failure of the entire prosecution. That Moore was not bound to go free may logically reduce the concerns which underlie *Beck* and related decisions.

In spite of its "common sense" appeal, however, we are not prepared to accept this theory here. The judge instructed the jury that

> a separate offense is charged in each count of the indictment which you are to consider. Each offense and the evidence which applies to it shall be considered separately, and you should render separate verdicts as to each count.
>
> The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control or influence your verdict with respect to any other count or counts of the indictment.

The judge told the jurors, in other words, that the mayhem charge was to be considered as though Moore was on trial for that offense alone.

If Moore had been tried solely on the mayhem charge, reversal would be mandated under the cited authorities. Given the judge's instruction quoted above, we must presume that the jury followed it. *See Coates v. United States*, 558 A.2d 1148, 1150 (D.C.1989). Although there may be some irony in our indulging such a presumption—*Beck* is predicated on the Supreme Court's concern that jurors may *not* follow the judge's instructions in this context—the government has not asked us to abandon the presumption, and we decline to do so.

Furthermore, in this case, as indicated above, there was evidence of multiple assaultive actions by Moore, in addition to the kicking which formed the basis for the ADW charge. In its note to the trial court during deliberations, see note 7, *supra*, the jury indicated that there might be some doubt about the causal link between the kicking and the injury which was alleged to be the result of the alleged mayhem. Some jurors may thus have thought that the mayhem charge and the ADW charged could be predicated on different conduct, and that Moore was being prosecuted for assaultive acts other than just the kicking. Indeed, in responding to the jury's note, the trial judge referred to Moore's "alleged physical acts," in the plural, as the possible cause of the complainant's injury. Under these circumstances, and in the overall posture of this case, we are unable to say with the requisite assurance that the error did not prejudice Moore. *See generally Clark v. United States*, 593 A.2d 186, 192–94 (D.C.1991).

## V

Moore's conviction of assault with a dangerous weapon must be affirmed. His conviction of mayhem must be vacated.

 Although the judge ordered that the sentences for mayhem and for ADW be served concurrently, the mayhem conviction has collateral consequences, and the government has the right to seek its reimposition. *See Fitzgerald v. United States*, 472 A.2d 52, 53–54 (D.C.1984). Accordingly, the government has the right to prosecute Moore for mayhem for a second time. If the government does not seek a retrial, then the mayhem conviction must be reduced to a conviction for assault.[9]

Accordingly, the judgment is affirmed in part and vacated in part, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

**9.** Since it is conceivable that the conduct constituting the mayhem and the acts constituting the assault with a dangerous weapon occurred at slightly different times and locations, see pages 1382 and 1388, *supra*, we leave it to the trial court in the first instance to determine whether, if the mayhem conviction is reduced to assault, the assault merges into the ADW.