MOON, Chief Judge,
with whom BENTON and BRAY, Judges, join, dissenting.
I agree that the evidence construed in the light most favorable to the Commonwealth supports a finding of a completed robbery. However, when deciding whether to grant a jury instruction the evidence should be construed in the light most favorable to the defendant. Blondel v. Hays, 241 Va. 467, 469, 403 S.E.2d 340, 341 (1991). Because the evidence is open to the interpretation that Brown intended to steal only money from the victim but was foiled after discovering that the victim had no money, I would hold that the trial court erred by not granting Brown’s proffered instruction on attempted robbery.
“[Wjhen considering on appeal whether an instruction was properly refused, ‘[i]t is immaterial that the jury could have reached contrary conclusions.’ ‘[I]f there is evidence tending to support the lesser offense, a trial court errs in refusing an instruction thereon.’ ” Bellfield v. Commonwealth, 11 Va.App. 310, 313-14, 398 S.E.2d 90, 92 (1990) (citations omitted). Robbery is defined at common law to be “the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.” Mason v. Commonwealth, 200 Va. 253, 254, 105 S.E.2d 149, 150 (1958). The intent to steal means the intent to permanently deprive the owner of his property. Pierce v. Commonwealth, 205 Va. 528, 138 S.E.2d 28 (1964).
Here the focus of this Court’s inquiry should be on Brown’s intent. That Brown actually took the wallet and used violence or intimidation to secure dominion and control over the wallet *297 are facts beyond dispute. However, whether Brown took the wallet with the intent to steal it is debatable. The question is whether there was credible evidence that Brown took the wallet, not with the intent to permanently deprive Murphy of the wallet, but to search the wallet for cash. The evidence is that Brown first demanded money. When Murphy told Brown that he had no money, Brown demanded the wallet, looked in the wallet, and discarded it after finding it empty. Because the jury, considering all of the circumstances, could have believed Brown only wanted to see if there was money in the wallet and had no intent to permanently deprive Murphy of the wallet, I would hold that an instruction on attempted robbery should have been given.
Therefore, I would reverse and remand.