## Ronald L. WILLIS, Appellant,

and

Charles R. Howard, Appellant,

v.

UNITED STATES, Appellee.

Nos. 96–CO–89, 96–CO–102.

District of Columbia Court of Appeals.

Argued Jan. 22, 1997.
Decided May 8, 1997.

Monoranjan Bezboruah, appointed by this court, Springfield, VA, for appellant Willis.

Douglas Wham, appointed by this court, for appellant Howard.

Roy W. McLeese, III, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Thomas J. Hibarger, and Robert Swanson, Assistant United States Attorneys, were on the brief, for appellee.

Before WAGNER, Chief Judge, and FARRELL and REID, Associate Judges.

REID, Associate Judge.

This matter is before us for a second time. On February 6, 1995, a divided panel of this court reversed and remanded in part the convictions of appellants Charles Howard and Ronald Willis. *Howard v. United States (Howard I)*, 656 A.2d 1106 (D.C.1995).[1] The facts surrounding the convictions are set forth in *Howard I*, 656 A.2d at 1109–10 and we need not repeat them here. In this appeal, Howard and Willis challenge the trial court's disposition on remand contending that the trial court exceeded the scope of our mandate in *Howard I*. We affirm.

## I.

In *Howard I*, based upon an erroneous exclusion of evidence proffered by the defense, we reversed and remanded the convictions of Howard and Willis for assault with intent to murder while armed (AWIMWA).[2] We indicated, initially, that the government could elect to retry the appellants or have the trial court enter judgment of conviction on a lesser included offense identified as assault with intent to kill while armed (AWIKWA). Moreover, we said that, in the event retrial is elected, "if a jury finds that the third element of AWIMWA—absence of mitigating circumstances—has not been proved beyond a reasonable doubt, the jury may not convict of assault with intent to murder while armed (AWIMWA); it may find guilt only of the lesser included offense of assault with intent to kill while armed (AWIKWA)." However, we amended our opinion on February 23 and March 30, 1995.

In one of the February 23 amendments, we made it clear that "the trial court's error impacts only the charges of assault with intent to murder while armed." 656 A.2d at 1120. We said nothing about the trial error also impacting any possible lesser included offense. In the other February 23 amendment, we revised the mandate to say, simply, "we reverse and remand as to the charges of assault with intent to murder while armed," deleting language regarding the government's election to retry or to seek judgment of conviction for a lesser included offense. *Id.* For purposes of this appeal, the March 30 amendment contained pertinent revised language relating to lesser offenses with respect to AWIMWA. The revised language (reflected by italics) stated that if the government fails to prove the absence of mitigating circumstances beyond a reasonable doubt, "the jury may not convict of assault with intent to murder while armed (AWIMWA); it may find guilt only of *a lesser offense, such as* assault with intent to kill while armed (AWIKWA) *or assault with a dangerous weapon (ADW)*." 656 A.2d at 1114 (emphasis added). A footnote made it clear that we determined, subsequent to the issuance of

1. After a jury trial, Howard and Willis were convicted on March 10, 1992, of assault with intent to murder while armed (two counts), in violation of D.C.Code §§ 22–503, –2403, –3202 (1989 & 1994 Supp.); possession of a firearm during a crime of violence (two counts), in violation of D.C.Code § 22–3204(b); carrying a pistol without a license, in violation of D.C.Code § 22–3204(a); possession of an unregistered firearm (two counts), in violation of D.C.Code § 6–2311(a) (1989); and unlawful possession of ammunition (two counts), in violation of D.C.Code § 6–2361(3).

2. We also vacated, on merger grounds, one count of the conviction pertaining to the possession of a firearm during a crime of violence.

the original opinion in *Howard I*, that uncertainty existed as to whether AWIKWA is a lesser included offense of AWIMWA. This is clear from the footnote added to the sentence reflecting the revised language set forth above. Footnote 10A stated:

In suggesting that the jury could have found guilt of the lesser offense of AWIKWA, we are not saying that AWIKWA is a necessarily lesser *included* offense of AWIMWA. That question has not been conclusively answered. Although, as indicated earlier in the text, the standard criminal jury instructions include the "specific intent to kill" as an element of AWIMWA, as well as of AWIKWA, we have never held that a specific intent to kill is the only species of malice that will qualify for AWIMWA. If at least one other type of malice qualifies, such as a "specific intent to inflict serious bodily harm" or "a wanton and willful disregard of an unreasonable human risk," *Comber v. United States*, 584 A.2d 26, 41 [D.C.1990] (en banc), then it will be possible to commit AWIMWA without committing AWIKWA (which of course requires a specific intent to kill), and thus the latter will not be a lesser included offense of the former. . . .

*Howard I, supra,* 656 A.2d at 1115.

On December 27, 1995, after receiving legal submissions from the parties, the trial judge entered judgments on two counts of ADW to replace the reversed AWIMWA convictions. Resentencing of Howard and Willis resulted in the same amount of prison time as was imposed for the AWIMWA convictions.[3]

Howard and Willis contend that the trial court exceeded the scope of this court's mandate by allowing the government to elect entry of judgment on a lesser included offense in lieu of retrial on the reversed counts. They argue that the trial court did not have the power to grant relief on its own initiative, on remand, because of the absence of a specific directive from this court.

## II.

This case is unique. It involves a decision which was amended *sua sponte* not once, but twice. The amendments, however, did not change the central conclusion of the majority's decision in *Howard I*, that only appellants' convictions for AWIMWA were impacted by reversible trial error. Hence, we review Howard and Willis' arguments regarding the mandate in the specific context of this case.

■ We reiterate the proposition that the trial court must follow the mandate that issues from this court on remand. "[T]he mandate of an appeals court precludes the [trial] court on remand from reconsidering matters which were either expressly or implicitly disposed of upon appeal." *United States v. Miller,* 822 F.2d 828, 832 (9th Cir. 1987) (citation omitted).[4] *See also Bean v. United States,* 606 A.2d 770, 771 (D.C.1992) (per curiam). Here, we must decide whether in entering judgment of conviction for ADW upon remand, the trial court's disposal of the case on remand is consistent with our mandate in *Howard I*. On the record before us and on the unique facts of this case, we conclude that entry of judgment of conviction for ADW did not exceed the scope of our mandate in *Howard I*. *See Moore v. United States,* 599 A.2d 1381, 1388 (D.C.1991); *Mills v. United States,* 599 A.2d 775, 786 n. 14 (D.C.1991); *Bowler v. United States,* 480 A.2d 678, 687 (D.C.1984). This is true even though the amended opinion in *Howard I* did not include (1) language indicating that the government could elect between retrial and judgment on a lesser included offense (language was included in the original opinion),

**3.** With regard to the AWIMWA convictions, the trial court originally sentenced Willis to six to twenty years on each count to run concurrently, and Howard to twenty years under the Youth Rehabilitation Act on each count, also to run concurrently. With respect to their ADW convictions, Willis received three to ten years on each count to run consecutively, and Howard ten years under the Youth Rehabilitation Act on each count, to run consecutively. The change from concurrent to consecutive sentences regarding the AWIMWA convictions, designed to effectuate the trial judge's original sentencing intent, is not separately challenged on appeal.

**4.** Under D.C.App. R. 41(a), "[a] certified copy of the judgment, a copy of the opinion of the court, if any, and any direction as to costs shall constitute the mandate, unless the court directs that a formal mandate issue."

or (2) the general language of remand, "for further proceedings consistent with this opinion."

The decision and judgment in *Howard I* constituted the mandate or the "law of the case" on remand. *Miller, supra,* 822 F.2d at 832. The trial court's obligation was to dispose of the matter in a manner consistent with *Howard I.* In entering judgment of conviction for assault with a dangerous weapon, the trial court disposed of the matter in a manner consistent with footnote 10A and textual language in *Howard I* specifying that, unless the government proves the absence of mitigating circumstances, "the jury may not convict of assault with intent to murder while armed (AWIMWA); it may find guilt only of a lesser offense, such as assault with intent to kill while armed (AWIKWA) or assault with a dangerous weapon." *Howard I, supra,* 656 A.2d at 1114. The trial court's disposition is also consistent with Supreme Court precedent, *Rutledge v. United States,* — U.S. —, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). There, the Supreme Court stated, "[c]onsistent with the views expressed by the D.C. Circuit, federal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense." — U.S. at —, 116 S.Ct. at 1250. The same principle is applicable to this court. Since this court's amended opinion in *Howard I* made clear that the lesser included offense of ADW was not affected by the error causing reversal, we see no error on the part of the trial court in entering judgment of conviction on assault with a dangerous weapon. *Rutledge, supra; Miller, supra; Moore, supra; Mills, supra.*

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*