COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia


KOFI DONKOR, S/K/A
 KOFI DONKOR, A/K/A RASHAN WHITE
                                        OPINION BY
v.    Record No. 0070-97-2       JUDGE ROSEMARIE ANNUNZIATA
                                      JANUARY 13, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    James E. Kulp, Judge

        David B. Hargett (Joseph D. Morrissey;
        Morrissey, Hershner & Jacobs, on brief), for
        appellant.

        Michael T. Judge, Assistant Attorney General
        (Richard Cullen, Attorney General, on brief),
        for appellee.



     Kofi Donkor (appellant) appeals his conviction for

aggravated malicious wounding on the basis that the trial court

erroneously failed to instruct the jury on the lesser-included

offense of malicious wounding.  We agree and reverse.

     In early February 1996, Domonic Brown obtained $200 worth of

crack cocaine from appellant.  Appellant instructed Brown that if

he sold all of the cocaine and returned the $200, appellant would

give Brown $50.  Brown sold $125 worth of the cocaine, gave the

money to appellant, but told appellant that he lost the remainder

of the cocaine.

     Appellant later met with Brown and demanded the $75 Brown

owed.  After searching Brown's pockets, appellant cut Brown on

the face.  A neighbor took Brown to the hospital where he was

treated by a maxillofacial surgeon, Dr. Michael Rowlett. The cut on Brown's face was four to six inches long, an inch to an inch and a half wide, and almost an inch deep. Dr. Rowlett testified that Brown could have quickly bled to death had the cut been lower on Brown's throat and that the laceration required seventy to eighty sutures to close.

Appellant defended the charge on a theory of self-defense. He testified that Brown waved a gun in his face and demanded his money and jewelry. Appellant stated that while Brown pointed the gun at him, he slashed Brown across the face with a box cutter. A witness for the defense testified that she saw appellant strike Brown after Brown pointed a gun at appellant. The Commonwealth's rebuttal witnesses testified that no gun was discovered on Brown's person or in the area.

The court discussed jury instructions with counsel off the record.[1] The court stated that both counsel would later have an

---

[1]Defense counsel proffered several instructions which were refused. Instruction No. G provided the following:

> The defendant is charged with the crime of malicious wounding. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
> (1) That the defendant wounded; and
> (2) That such wounding was with intent to maim, disfigure, disable, or kill; and
> (3) That the act was done maliciously.
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty of malicious wounding.

2

opportunity to put their objections on the record.  The court

instructed the jury on the elements of aggravated malicious

---

> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the first two elements of the offense charged, but that the act was done unlawfully, and not maliciously, then you shall find the defendant guilty of unlawful wounding.
> If [you] find that the Commonwealth has failed to prove beyond a reasonable doubt either malicious wounding or unlawful wounding but you do find beyond a reasonable doubt that the defendant is guilty of assault and battery, as defined in another instruction, upon Domonic N. Brown, then you shall find the defendant guilty of assault and battery.
> If you find that the Commonwealth has failed to prove beyond a reasonable doubt any of the above three offenses, then you shall find the defendant not guilty.

Instruction No. H provided:

> If you have a reasonable doubt as to the grade, or seriousness, of the offense, then you must resolve that doubt in favor of the defendant, and find him guilty of the lesser offense.  For example, if you have a reasonable doubt as to whether he is guilty of aggravated malicious wounding or malicious wounding, you shall find him guilty of malicious wounding; if you have reasonable doubt as to whether he is guilty of malicious wounding or unlawful wounding, you shall find him guilty of unlawful wounding; if you have a reasonable doubt as to whether he is guilty of unlawful wounding or assault and battery, you shall find him guilty of assault and battery; if you have a reasonable doubt as to whether he is guilty at all, you shall find him not guilty.

(Emphasis omitted).

wounding, but did not instruct the jury on any lesser-included offense. After the jury retired, the following colloquy occurred in which appellant's objections to the jury instructions were again addressed:

> [COUNSEL FOR COMMONWEALTH]: Instruction F, G, and H are instructions which –
>
> THE COURT: I think that was the lesser included offense.
>
> [DEFENSE COUNSEL]: Exactly. I felt that there was a possibility that the jury may consider a lesser included offense; however I believe the Court's position was that it was an all or nothing scenario, [with respect to the charge of aggravated malicious wounding] and as a result, denied my request to allow us that instruction to be submitted to the jury. However, I felt that whether or not there was a lesser included offense was an issue, that the jury needed to discern, upon hearing arguments of counsel as well as evidence from the witnesses.
>
> THE COURT: All right, the Court refused to grant any instructions on lesser included offense, because in the Court's view there was no evidence to support any such instructions. You either have the Commonwealth's version that this was [an aggravated] malicious wounding, based on the testimony of Mr. Brown, or you believe it was self-defense, based on the testimony of the defendant. There's no in between. So there was no evidence to support giving any lesser included instruction.

The Commonwealth argues that appellant's claim on appeal is procedurally barred because he failed to raise the issue in the trial court. The Commonwealth contends that appellant conceded the issue of aggravation and agreed with the judge's ruling that no evidence supported giving the instruction. We disagree.

4

The error claimed by appellant was properly preserved. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The goal of Rule 5A:18 is to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action. Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc) (citing Head v. Commonwealth, 3 Va. App. 163, 167, 348 S.E.2d 423, 426 (1986), overruled on other grounds by Cruz v. Commonwealth, 24 Va. App. 454, 482 S.E.2d 880 (1997) (en banc)).

In Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (en banc), this Court held that by tendering an instruction on a lesser-included offense, the defendant "fully alerted the trial judge and the Commonwealth" to his argument in favor of the lesser-included offense instruction in satisfaction of Rule 5A:18.[2] Appellant offered Instruction G on the lesser-included offense, alerting the trial court to the

---

[2]Citing Jimenez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991), the Court in Martin noted that the trial court had an "affirmative duty" to grant the instruction. In Jimenez, 241 Va. at 250, 402 S.E.2d at 681, the Supreme Court of Virginia explained that "when a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty properly to instruct a jury about the matter." In the present case, we express no opinion about whether the principle of aggravation was vital to appellant's case.

existence of the lesser-included offense and providing the trial court with the opportunity to take corrective action. In fact, the trial court declined to grant the instruction on the basis that the instruction was not supported by the evidence. Like the defendant in Martin, appellant fully alerted the trial court to his claim, and the court had an obligation to grant the instruction if it was supported by the evidence. Martin, 13 Va. App. at 530, 414 S.E.2d at 404.

Additionally, we reject the Commonwealth's argument that appellant conceded the issue of aggravation. The record shows that any concession made by appellant on this issue was not in the context of his request for jury instructions. Rather, it arose in argument on his motion to set aside the verdict.

It is well settled that a trial court must instruct the jury on a lesser-included offense if more than a scintilla of evidence supports it. Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992). Although the Commonwealth prevailed at trial, we must view the evidence with respect to the refused instruction in the light most favorable to the defendant. Turner v. Commonwealth, 23 Va. App. 270, 275, 476 S.E.2d 504, 507 (1996) (citing Boone, 14 Va. App. at 131, 415 S.E.2d at 251). Based on that review, we find that the evidence in this case supported an instruction of malicious wounding and that the trial court's failure to instruct the jury on that offense was error. See Moore v. United States, 599 A.2d 1381, 1384-85 and n.5 (D.C.

6

1991) (explaining that the permanence of injury as an element of mayhem is a question for the jury).

The distinction between aggravated malicious wounding under Code § 18.2-51.2 and malicious wounding under Code § 18.2-51 is that aggravated malicious wounding requires proof that "the victim is thereby severely injured and is caused to suffer permanent and significant physical impairment."  Code § 18.2-51.2.  The Commonwealth argues that the evidence regarding Brown's injury was undisputed.  As we held in Bellfield v. Commonwealth, 11 Va. App. 310, 314, 398 S.E.2d 90, 93 (1990), however, the propriety of giving a lesser-included offense instruction is not limited to only those cases in which the jury must find a disputed factual element to render a verdict as between two offenses of differing grade.  Rather, a lesser-included offense instruction is required "so long as a factual element must be proved," and "so long as there is credible evidence to support such an instruction."  Id. at 314-15, 398 S.E.2d at 93.  Although appellant did not present evidence contesting the seriousness of Brown's injury, the Commonwealth's evidence was susceptible to interpretation as to whether the injury was a "permanent and serious physical impairment."  Code § 18.2-51.2.  This determination is the province of the jury.  Bellfield, 11 Va. App. at 314, 398 S.E.2d at 93; Moore, 599 A.2d at 1384-85 and n.5.

Citing Bennett v. Commonwealth, 236 Va. 448, 470, 374 S.E.2d

7

303, 317 (1988); <u>Frye v. Commonwealth</u>, 231 Va. 370, 388, 345 S.E.2d 267, 280; and <u>Stewart v. Commonwealth</u>, 10 Va. App. 563, 570, 394 S.E.2d 509, 513-14 (1990), the Commonwealth argues that appellant was not entitled to an instruction on the lesser-included offense of malicious wounding because his theory of defense at trial was self-defense.  These cases do not hold that a defendant is entitled only to instructions on his theory of defense; rather, they hold that a defendant is entitled to instructions only when they are supported by the evidence. <u>Bennett</u>, 236 Va. at 470, 374 S.E.2d at 317 (citing <u>Frye</u>, 231 Va. at 389, 345 S.E.2d at 281); <u>Frye</u>, 231 Va. at 388-89, 345 S.E.2d at 280 (citing <u>Tuggle v. Commonwealth</u>, 228 Va. 493, 508, 323 S.E.2d 539, 548 (1984), <u>vacated on other grounds</u>, 471 U.S. 1096, <u>aff'd on remand</u>, 230 Va. 99, 334 S.E.2d at 838 (1985)); <u>Stewart</u>, 10 Va. App. at 570, 394 S.E.2d at 513-14.  Similarly, the Commonwealth's reliance on the maxim that a party's claim can rise no higher than his or her own evidence is misplaced in the criminal context.

It remains only to determine whether the court's error was harmless.[3]  Non-constitutional error is harmless "'if a reviewing

---

[3]In the context of capital crimes, the United States Supreme Court has recognized that failure to instruct a jury on a lesser-included offense can reduce the reliability of a jury verdict in violation of a defendant's right to due process. <u>Beck v. Alabama</u>, 447 U.S. 625, 642-43 (1980).  The Supreme Court has not addressed whether failure to give a lesser-included offense instruction can constitute a due process violation in the context of non-capital crimes. <u>Beck</u>, 447 U.S. at 638 n.14 (reserving the issue); <u>Turner v. Marshall</u>, 63 F.3d 807, 819 (9th Cir. 1995) (cataloguing the split among the federal circuits on whether <u>Beck</u>

8

court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.'" Turner v. Commonwealth, 23 Va. App. 270, 275, 476 S.E.2d 504, 507 (1996) (quoting Davies v. Commonwealth, 15 Va. App. 350, 353, 423 S.E.2d 839, 840 (1992)). "Such a determination can be made where it is evident from the verdict that the jury would have necessarily rejected the lesser-included offense on which it was not instructed." Id. at 276, 476 S.E.2d at 507.[4]

Applying these principles, we cannot say that the jury's resolution of the issue in this case as reflected in its verdict compels the conclusion that it necessarily excluded an alternative resolution of fact that would have supported conviction on the lesser-included offense of malicious wounding. See Turner, 23 Va. App. at 276, 476 S.E.2d at 507 (citing Schad

applies in the non-capital context). Because appellant has not argued that the court's failure to instruct on the lesser-included offense of malicious wounding rises to the level of a constitutional violation, we review the error as a violation of substantive Virginia law under the standard for non-constitutional error. Turner v. Commonwealth, 23 Va. App. 270, 275-76, 476 S.E.2d 504, 507 (1996).

[4]In Turner, 23 Va. App. at 275-77, 476 S.E.2d at 507-08, the jury convicted the defendant of first degree murder after the trial court instructed the jury on both first degree murder and second degree murder. We held that the trial court erroneously failed to instruct the jury on voluntary manslaughter as requested by the defendant, but that the error was harmless because "the jury's resolution of disputed facts [in favor of first degree rather than second degree murder] compels the conclusion that it necessarily excluded an alternative resolution of fact that would have supported the lesser-included offense on which it was not instructed." Id. at 277, 476 S.E.2d at 508.

9

v. Arizona, 501 U.S. 624, 645-48 (1991)); Moore, 599 A.2d at 1387.  The jury was not instructed on any lesser-included offense.  Instead, the jury was confronted with an all-or-nothing choice which undermines confidence in its verdict.  Such a choice "increases the risk that the jury will convict . . . simply to avoid setting the defendant free."  Spaziano v. Florida, 468 U.S. 447, 455 (1984).  Accordingly, we cannot conclude that the jury's verdict would have been the same without the court's error.  For this reason, we reverse.  See Turner, 23 Va. App. at 275, 476 S.E.2d at 507.

Reversed and remanded.

Benton, J., concurring.

I join in the opinion except for the harmless error analysis.  I agree the error was not harmless; however, I believe it suffices to state that, in applying the principles of <u>Lavinder v. Commonwealth</u>, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (<u>en</u> <u>banc</u>), we cannot say the jury's resolution of the issue in this case as reflected in its verdict compels the conclusion that the jury necessarily excluded an alternative resolution of fact that would have supported conviction on the lesser-included offense of malicious wounding.