COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton*
Argued at Norfolk, Virginia


FEDRICO M. GILMORE
                                        MEMORANDUM OPINION** BY
v.    Record No. 0709-98-1              JUDGE NELSON T. OVERTON
                                           FEBRUARY 16, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                     Westbrook J. Parker, Judge

            Barrett R. Richardson (Richardson & Rosenberg
            LLC, on brief), for appellant.

            Kathleen B. Martin, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Fedrico M. Gilmore (defendant) appeals his conviction for

the second degree murder of Laura Joyner.  He contends that the

trial court erred by refusing to instruct the jury on the

elements of voluntary manslaughter.  Because we hold the evidence

did not warrant such an instruction, we affirm.

     The parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedental

value, no recitation of the facts is necessary.

---

     *Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17–116.01:1.

     **Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

"It is well settled that a trial court must instruct the jury on a lesser-included offense if more than a scintilla of evidence supports it." Donkor v. Commonwealth, 26 Va. App. 325, 330, 494 S.E.2d 497, 500 (1998) (citing Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992)). "In determining whether to instruct the jury on a lesser-included offense, the evidence must be viewed in the light most favorable to the accused's theory of the case." Lea v. Commonwealth, 16 Va. App. 300, 305, 429 S.E.2d 477, 480 (1993) (citing Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986)). Therefore, we must examine the record for evidence that the defendant committed voluntary manslaughter.

To reduce a homicide from murder to manslaughter, the killing must have been committed in the heat of passion, upon reasonable provocation and without malice. See Barrett, 231 Va. at 105-06, 341 S.E.2d at 192. Defendant asserts on appeal that he killed Ms. Joyner because she called out the name of her boyfriend during intercourse and this drove him into a jealous rage. The record, however, belies his assertion. Ms. Joyner allegedly called out the name of her boyfriend while they were engaged in intercourse, yet defendant waited until after they had finished intercourse in order to strangle her. Defendant testified that Joyner's calling of another man's name didn't anger him, it "didn't really like tick me off, like tick me off, I could care, I could really care less, but it was just the point." Moreover, defendant and Ms. Joyner did not share a close

or emotional bond. Defendant described their relationship as "bam, bam, gone, that type."

According to defendant's own testimony he did not kill Ms. Joyner because he was angry, but just to make "the point." In these circumstances, we can discern no reasonable provocation for his actions nor find even a "scintilla" of evidence that defendant acted in the heat of passion. Because the evidence supports the trial court's decision to refuse the jury instruction, we affirm defendant's conviction.

Affirmed.