437 P.2d 197

**The STATE of Utah, Plaintiff and Respondent,**
**v.**
**Sherrill CHESTNUT, III, and Lindell Ray Newton, Defendants and Appellants.**
**No. 10638.**

Supreme Court of Utah.
Feb. 6, 1968.

Lindell Ray Newton, pro se.

Gordon L. Roberts, Salt Lake City, for Sherrill Chestnut, III.

Phil L. Hansen, Atty. Gen., Salt Lake City, for respondent.

SORENSEN, District Judge:

The defendants appeal separately from a conviction for robbery. The appeals are here consolidated.

The facts are not in dispute. In the late evening of October 8, 1965, two highway patrolmen, upon clocking an automobile driven by the defendant Chestnut, in which the defendant Newton was a passenger, at more than 80 miles per hour in a 70-mile-per-hour speed zone, stopped the automobile for speeding. The officers after observing the smell of liquor gave the defendant Chestnut a "field test" to determine whether he was under the influence of intoxicating liquor. After the test Chestnut was placed under arrest for driving an automobile while under the influence of intoxicating liquor and thereafter the troopers conducted a search of the vehicle. The search revealed a loaded revolver in the glove compartment of the automobile and some beer and what appeared to be burglary tools in the trunk.

While the officers were engaged in transferring the beer, tools and gun to the trunk of the patrol car, the defendant Chestnut produced a pistol and ordered the troopers to raise their hands. Newton removed the troopers' sidearms and held them pointed at the troopers. The defendants then escorted the troopers to the side of the highway at the same time making threats and using menacing language toward them. At that time Newton fired one of the troopers' revolvers, the slug hitting the ground immediately in front of the patrolmen.

At the side of the highway Chestnut removed one of the troopers' wallets from his person while the defendant Newton covered the troopers with their own revolvers. The wallet contained $118. Newton and Chestnut then handcuffed the troopers to a utility pole alongside the highway and then made their escape. During the night the defendants were captured and the troopers' revolvers and the wallet with eight dollars missing were recovered from the defendants.

The defendant Newton, appearing in this court pro se, asserts that prejudicial pretrial publicity vitiated his trial. Newton relies upon the case of Shepherd v. Maxwell.[1] The record is devoid of anything which would tend to support Newton's claim. It should be noted that Newton was represented by competent counsel during the trial. Newton made no request for a change of the place of trial or for a continuance. The record indicates that the

[1]. 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600.

trial court assiduously screened the jury panel to eliminate any possible prejudice on that score.[2] Newton further asserts that the court committed error in admitting evidence at the trial which was obtained by an unlawful search which was not incident to a lawful arrest. The record shows unequivocally that the arrest was lawful and that a search of the defendants' vehicle incident to said arrest did not render the evidence thus obtained inadmissible.

Each of the defendants claims that the court committed prejudicial error by failing to instruct the jury on a lesser included offense of assault. A request for an instruction on simple assault was made to the court, but the court denied the request and submitted the case to the jury on the crime of robbery alone.

■ We are of the opinion that the facts in this case would not require the court to submit the lesser offense of assault to the jury.[3] The facts of record amply support the verdict finding the defendants guilty of robbery.

■ Where the evidence justified the conclusion that the defendants were either guilty of robbery or not guilty of any offense whatever, the trial court did not err in failing to submit the offense of assault to the jury. We do not hold that the court may refuse to submit lesser offenses to the jury where the evidence of record would so require. Had the evidence in this case raised the problem as to whether the defendants had an intent to take and steal the personal property of the troopers or assuming that the evidence showed that the defendants made the claim that they were attempting to recover their own property then the state of the evidence would have required the court to submit to the jury the lesser included offense.

In this case the evidence all points to the offense of robbery and we discern no problem raised by the evidence which would have required the trial court to submit any other offense to the jury for its determination.[4] The judgment of the court below is affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.

ELLETT, J., being disqualified, does not participate herein.

2. See discussion in Sinclair v. Turner, 20 Utah 2d 126, 434 P.2d 305 (1967).

3. State v. Bell, 228 N.C. 659, 46 S.E.2d 834; State v. Sawyer, 224 N.C. 61, 29 S.E.2d 34; Raleigh v. State, 74 Tex. Crim. 484, 168 S.W. 1050; Bunge v.

State, 87 Neb. 557, 127 N.W. 899; People v. Bryan, 91 Cal.App. 189, 266 P. 972; see also annotation in 58 A.L.R.2d 808.

4. State v. Hunter, 20 Utah 2d 284, 437 P.2d 208.