## Richmond

### LLOYD ALFRED GUSS v. COMMONWEALTH OF VIRGINIA.

June 11, 1976.

Record No. 751121.

Present, All the Justices.

Charles D. Barrell (*Lea, Davies, Crigler & Barrell*, on brief), for plaintiff in error.

Gilbert W. Haith, *Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

The defendant, Lloyd Alfred Guss, was convicted by a jury of robbery[1] and sentenced in accordance with the verdict to five years confinement in the State penitentiary.

Defendant's sole contention is that the trial court erred in refusing an instruction on the offense of assault and battery.

The uncontradicted evidence shows that on the afternoon of December 3, 1974, defendant and David W. Lang, Joseph Shiflett and his brother, Junior Shiflett, were riding around Culpeper County in a truck or van owned by defendant. After several stops to purchase whiskey and cigarettes, Lang asked Joseph Shiflett, who was driving, to stop the truck so he could relieve himself. After all the

---

1. The indictment alleged, in part, that "Lloyd Alfred Guss did unlawfully and feloniously strike, beat and wound one David Wilson Lang, and . . . commit robbery from his person. . . ."

men got out, Lang and defendant walked to the front of the truck, where defendant struck Lang on the head with a wrench or some other blunt instrument. The Shifletts, who had by then resumed their seats in the truck, witnessed this blow and observed both Lang and defendant fall to the ground.

Lang testified that during the attack defendant "knocked me down and then got my wallet." Lang also stated that he had begun the afternoon with more than $200 in his wallet.

Both Shifletts testified that defendant forced them to drive off and abandon Lang, and that shortly thereafter they observed defendant toss an unidentified object out of the passenger side window of the truck. A police officer, acting on information from Joseph Shiflett, later discovered Lang's wallet beside the roadway.

The evidence reveals that Lang had sustained injuries to his head, and that defendant had approximately $57 in his possession when he was apprehended about seven hours later.

Defendant contends that since assault and battery is a lesser included offense of robbery, an instruction for that misdemeanor should have been given.

Defendant concedes that this court has not addressed the precise issue, but relies upon several Florida decisions, which involved the interpretation of a lesser included offense statute, to sustain his position. In *Brown* v. *State*, 206 So.2d 377 (Fla. 1968), the court held that a lesser included offense instruction should be given if the subsidiary crime *may* be included in the offense charged, even though the trial judge might be satisfied from the evidence that the more serious offense was committed. *State* v. *Wilson*, 276 So.2d 45 (Fla. 1973), while recognizing the same rule, nonetheless held that the failure to give such an instruction was harmless error because the undisputed facts clearly showed commission of the greater offense.

A great majority of the courts follow the rule that when the evidence in a prosecution for robbery warrants a conviction of the crime charged, and there is no independent evidence warranting a conviction for assault and battery, an instruction on the lesser included offense need not be given. *Wallace* v. *State*, 290 Ala. 201, 207, 275 So.2d 634, 639 (1973); *Watkins* v. *Commonwealth*, 287 S.W.2d 416, 418, 58 A.L.R.2d 804, 807 (Ky. 1956); *State* v. *Martin*, 484 S.W.2d 179 (Mo. 1972); *State* v. *Hicks*, 241 N.C. 156, 159, 84 S.E.2d 545, 547 (1954); *State* v. *Williams*, 526 P.2d 1384, 1385-86 (Ore. 1974); *James* v. *State*, 215 Tenn. 221, 225, 385 S.W.2d 86, 88-89 (1964), *cert. denied*, 381 U.S. 941 (1965); *State* v. *Chestnut*, 20

Utah 2d 268, 437 P.2d 197 (1968). Annot., Robbery-Instruction on Assault, 58 A.L.R.2d 808, 809-21 (1958). We agree with the rationale supporting the majority rule.

In the present case, there was no factual dispute. All the evidence showed that the defendant struck and beat Lang and that he took the victim's wallet concomitant with the striking and beating. Even though the jury might entirely reject this uncontradicted evidence and choose to acquit the defendant of robbery, it could not rationally find him guilty of the lesser crime of assault and battery because it would be unreasonable for the jury to accept only a part of the evidence while rejecting the remainder. Under the facts here, the defendant was either guilty of robbery or no offense at all.

Thus, the trial court did not err in refusing the instruction, and the judgment of conviction is

*Affirmed.*