COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


THOMAS LEE FITZGERALD

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0005-07-2              JUDGE RUDOLPH BUMGARDNER, III
                                                    DECEMBER 27, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Thomas V. Warren, Judge

        G. Russell Stone, Jr. (Bowen, Champlin, Carr, Foreman &
        Rockecharlie, on brief), for appellant.

        Josephine F. Whalen, Assistant Attorney General (Robert F.
        McDonnell, Attorney General; Donald E. Jeffrey, III, Assistant
        Attorney General, on brief), for appellee.


        Thomas Lee Fitzgerald appeals his conviction of grand larceny contending the trial court

erred by finding the evidence of value sufficient to prove grand larceny and by failing to instruct on

petit larceny.  We conclude the trial court did not err and affirm its judgment.

        "'[W]e review the evidence in the light most favorable to the Commonwealth, granting to

it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App.

1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987)).  So viewed, the evidence proved that Paul Rice owned a power washer

that he used for business and personal purposes.  Rice purchased the power washer for $521.46

in June 2004.  The defendant, who occasionally worked for Rice, stole the power washer from

Rice's home on September 7, 2006.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Rice testified that he had not used the power washer often and opined that if he needed to make "a quick sale," he would charge $350 for the power washer. Rice felt he could sell the power washer for $350 because "[i]t wasn't scratched up, torn up, the paint was all good and it was used very little and it was a proficient power washer." His valuation was "based on the current market value." He had priced other power washers at a home improvement store in forming his opinion. Rice concluded: "If I could have gotten a power washer used for $350 in that condition, I would have thought I was getting a bargain."

At the conclusion of all the evidence, defense counsel moved to strike the grand larceny charge arguing the evidence consisted of only Rice's "belief" that the power washer was worth $350. The trial judge denied the motion. Defense counsel then requested a petit larceny instruction. The trial judge stated, "I'll only give it if you want it . . . . To me it's either grand larceny or it's nothing. That's the evidence that we've heard, it's $350." Defense counsel then said, "I'm satisfied, Your Honor, I've put my motion on the record . . . . I would present an instruction on petty larceny on finding, that I would ask the court to reject." The trial judge responded, "Which I will do. And we'll call that A refused."

Grand larceny is "simple larceny not from the person of another of goods and chattels of the value of $200 or more." Code § 18.2-95(ii). The value of the stolen goods is an element of the crime that the Commonwealth must prove beyond a reasonable doubt. Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994). "The value of the stolen property is measured as of the time of the theft, and the original purchase price may be admitted as evidence of its current value." Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997). "The opinion testimony of the owner of the stolen item generally is competent and admissible on the issue of the value of that property." Id.; see also Robinson v. Commonwealth, 258 Va. 3, 5-6, 516 S.E.2d 475, 476 (1999) (fair market value is the price item will bring when

offered for sale by seller who wants but is not obligated to sell and bought by a buyer under no necessity of buying).

Rice was the owner, and for that reason alone, was competent to state his opinion regardless of his knowledge of property values. See Walls, 248 Va. at 482, 450 S.E.2d at 364. In fact, he had sufficient knowledge to qualify under the rule applicable to non-owners. See id. at 483, 450 S.E.2d at 365. Rice testified about the original purchase price of the power washer and its value on the date it was stolen. He explained in detail the factors that formed the basis of his opinion as to its value. Rice demonstrated that he had a sufficient knowledge of property values and an ample opportunity to form an opinion of the power washer's value. Rice's testimony established a solid foundation upon which he based his opinion. His evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that the stolen power washer had a value of more than $200 and that appellant committed grand larceny.

In this case, the evidence proved the defendant stole Rice's power washer. The uncontradicted testimony of its value was that it was worth $350 when it was stolen. No evidence in the record suggested the power washer had a value of less than $200. "When the evidence in a prosecution warrants a conviction of the crime charged, and there is no independent evidence warranting a conviction for a lesser-included offense, an instruction on the lesser offense should not be given." Commonwealth v. Leal, 265 Va. 142, 145, 574 S.E.2d 285, 287 (2003) (citing Guss v. Commonwealth, 217 Va. 13, 14, 225 S.E.2d 196, 197 (1976)).

Although the jury could have rejected the evidence that the value of the power washer was $350 and acquitted appellant, "'the ability to reject evidence does not supply the affirmative evidence necessary to support a jury instruction.'" Id. at 147, 574 S.E.2d at 288 (quoting Commonwealth v. Vaughn, 263 Va. 31, 37, 557 S.E.2d 220, 223 (2002)). The trial judge

correctly noted the defendant was either guilty of grand larceny or nothing and properly refused to instruct on petit larceny. Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>