COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:  Chief Judge Felton, Judges Frank and Huff
Argued at Alexandria, Virginia


ADEDAMOLA ORAIDE ADENIRAN

v.      Record No. 0317-13-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT P. FRANK
AUGUST 19, 2014


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

David B. Hargett (Hargett Law PLC, on briefs), for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on briefs), for appellee.


Adedamola Oraide Adeniran, appellant, was convicted of attempted robbery in violation

of Code §§ 18.2-26 and 18.2-58 and use of a firearm in violation of Code § 18.2-53.1.  On

appeal, he contends the trial court erred in not instructing the jury on assault, and on assault and

battery, which appellant argues are lesser-included offenses of robbery or attempted robbery.[1]

For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

On July 30, 2011, the victim, N.R., a prostitute, occupied a room in a hotel in Loudoun

County, Virginia.  Chinwe Enoch called the victim to secure an appointment with her.  Upon

Enoch's arrival to her room, the victim observed that Enoch was speaking with an individual,

later identified as appellant, in the atrium hallway of her floor.

---

[1] At oral argument, appellant withdrew his contention that assault and battery is a
lesser-included offense of robbery, leaving his sole argument whether assault is a lesser-included
offense of robbery.

Shortly after entering the victim's room, Enoch asked to use her restroom. When Enoch later emerged, he was armed with a pistol.

Enoch aimed the pistol at the victim and proceeded to look around the bedroom portion of the hotel suite, looking behind furniture and under the bed. The victim instantly raised both hands so that Enoch would not shoot her. She was praying, thinking about her children. Enoch then ordered her into the bathroom, directing the victim to stand inside the tub. The victim remained there, behind a closed door, for approximately five minutes until Enoch opened the bathroom door, demanding that the victim tell him where she hid her money.

Finally, Enoch allowed the victim to exit the bathroom to show him where the money was hidden. At that time, the victim noticed the contents of her purse, including prepaid debit cards and receipts, were scattered on top of the bed. She then observed appellant armed with a knife. Both appellant and Enoch demanded to know where the victim's money had gone.

Focusing upon the debit cards, both men directed the victim to call and verify the remaining balances of the cards. The victim handed the cards to appellant, indicating that he should call. The victim testified appellant checked the balance of at least two of her debit cards.

Appellant and Enoch then left. At trial, the victim testified prior to leaving, she heard appellant tell Enoch, "Don't shoot her, don't shoot her. She has kids."

During the entire encounter, appellant was armed with a knife, gripping its handle with the blade pointed outward and toward the victim. After the men left, the victim discovered "a few hundred" dollars of her money had been taken from her wallet.

Appellant testified that as he and Enoch were driving to a party, appellant learned Enoch wanted to visit a prostitute. Appellant waited for Enoch in the atrium hallway, as Enoch entered the hotel room. Enoch emerged from the room and waved for appellant to approach him. Appellant noticed Enoch holding a nine-inch knife. He took the knife from Enoch. Appellant

testified he was not involved in this incident, but that Enoch alone demanded money and gift cards (debit cards) from the victim. He testified he was unaware Enoch possessed a gun until he saw Enoch display it. While admitting he held the knife, he testified he folded it while still holding it. Appellant denied taking anything from the victim.

Appellant argued to the trial court that assault and battery is a lesser-included offense of robbery. At other times, he maintained assault is a lesser-included offense. He argued the lesser offense should be appended to the end of the robbery finding instruction, but never proffered that instruction. He did proffer an instruction that defined assault, but not assault and battery.

This appeal follows.

ANALYSIS

Appellant's sole issue on appeal is whether the trial court erred in refusing to instruct the jury on simple assault as a lesser-included offense of robbery/attempted robbery.

The legal principles applicable to this appeal are well established. "'The trial judge has broad discretion in giving or denying instructions requested.'" Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (*en banc*) (quoting John L. Costello, Virginia Criminal Law and Procedure § 60.6-8, 810 (2d ed. 1995)). "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). Because the issue presented is a question of law involving the interpretation of Code § 18.2-58, we review the trial court's statutory interpretation and legal conclusions *de novo*. See Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998).

Settled principles provide that an accused is entitled to a jury instruction not only on the offense charged but also on any offenses lesser-included in the offense charged, Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000), as long as the proffered instruction finds support in the evidence, Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001).

> "Whether one offense is a lesser included offense of the other depends upon whether the elements of the greater offense necessarily include all elements of the lesser." Fontaine v. Commonwealth, 25 Va. App. 156, 164, 487 S.E.2d 241, 245 (1997), overruled on other grounds by Edwards v. Commonwealth, 41 Va. App. 752, 765, 589 S.E.2d 444, 450 (2003) (*en banc*). "[W]here every commission of the [claimed] greater offense is also a commission of the [claimed] lesser offense" *and* the claimed lesser offense "'is composed entirely of elements that are also elements of the [claimed] greater offense,'" "a lesser [included] offense may be deemed to exist." Sanchez v. Commonwealth, 32 Va. App. 238, 241, 527 S.E.2d 461, 463 (2000) (quoting Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989)). "An offense is not a lesser-included offense of a charged offense unless *all* its elements are included in the offense charged." Dalton, 259 Va. at 253, 524 S.E.2d at 862 (emphasis added). "An offense is not a lesser included offense of another if each offense contains an element that the other does not." Walker v. Commonwealth, 14 Va. App. 203, 206, 415 S.E.2d 446, 448 (1992).

Simon v. Commonwealth, 58 Va. App. 194, 202-03, 708 S.E.2d 245, 249 (2011).

The required examination of the two charges focuses not on the facts of the particular case under review, but on the offenses in the abstract. Seibert v. Commonwealth, 22 Va. App. 40, 45, 467 S.E.2d 838, 841 (1996). Thus, we must in the abstract, compare the elements of robbery/attempted robbery with those of assault. Our inquiry is whether every act of robbery necessarily includes an assault.

> At common law, assault was both a crime and a tort. The common law crime of assault required an attempt or offer committed with an intent to inflict bodily harm coupled with the present ability to inflict such harm. Hardy v. Commonwealth, 58 Va. (17 Gratt.) 592, 600-01 (1867). The common law tort of assault could be

completed if the tortfeasor engaged in actions intended to place the victim in fear of bodily harm and created a well-founded fear in the victim. Koffman v. Garnett, 265 Va. 12, 16, 574 S.E.2d 258, 261 (2003). Over the years, many jurisdictions have merged the common law crime and tort of assault so that today, a common law assault occurs when either set of elements is proved.

Carter v. Commonwealth, 269 Va. 44, 46-47, 606 S.E.2d 839, 841 (2005). Thus, in combining the criminal and tort elements, the Virginia Supreme Court has held that a common law assault

occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm *or* engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim.

Id. at 47, 606 S.E.2d at 841 (emphasis added). Regarding the common law crime of assault, the Supreme Court has stated that "because assault requires an overt act, *words alone are never sufficient to constitute an assault*." Clark v. Commonwealth, 279 Va. 636, 641, 691 S.E.2d 786, 789 (2010) (emphasis added). Yet, "[w]ords and prior conduct are highly relevant in shedding light on intent and the context within which certain actions transpired." Id. at 642, 691 S.E.2d at 789.

Virginia defines robbery as "the taking with intent to steal, of the personal property of another, from his person or in his presence, against the will, by violence or intimidation." George v. Commonwealth, 242 Va. 264, 277, 411 S.E.2d 12, 20 (1991). Thus, a taking of property that otherwise would be considered a theft constitutes robbery when, in the course of the taking, *either* violence or intimidation was used.

"Violence or force requires a physical touching or violation of the victim's person. The touching or violation necessary to prove the offense may be indirect, but cannot result merely from the force associated with the taking." Bivins v. Commonwealth, 19 Va. App. 750, 752, 454 S.E.2d 741, 742 (1995).

- 5 -

Intimidation is defined as "unlawful coercion; extortion; duress; putting in fear." Black's Law Dictionary 831 (6th ed. 1990). "To take or attempt to take, 'by intimidation' means willfully to take, or attempt to take, by putting in fear of bodily harm." Id. Intimidation results when the *words or conduct* of the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the victim's will, placing the victim in fear of bodily harm.

Bivins, 19 Va. App. at 752-53, 454 S.E.2d at 742 (emphasis added) (footnote omitted).

As we held in Bivins, id., words alone can create sufficient intimidation for the Commonwealth to sustain a conviction of robbery. Conversely, "words alone are never sufficient to constitute an assault." Clark, 279 Va. at 641, 691 S.E.2d at 786. Because assault contains an element that robbery does not, to wit, words alone cannot constitute assault, yet words alone can create sufficient intimidation to constitute robbery, assault cannot be a lesser-included offense of robbery. See, e.g., Dalton, 259 Va. at 253, 524 S.E.2d at 862 ("[A]n offense is not a lesser-included offense if it contains an element that the charged offense does not contain."). Therefore, we conclude that assault is not a lesser-included offense of robbery or attempted robbery.[2]

Appellant contends Guss v. Commonwealth 217 Va. 13, 225 S.E.2d 196 (1976), controls our decision. He interprets Guss to hold that assault and battery is a lesser-included offense of robbery. We disagree. We note that in the instant case we are addressing only assault and not assault and battery.

---

[2] We note that in an attempted robbery, "the Commonwealth is required to prove beyond a reasonable doubt that [the defendant] intended to steal property from [the victim], against his will, by force, violence, or intimidation." Pitt v. Commonwealth, 260 Va. 692, 695, 539 S.E.2d 77, 78-79 (2000). "Additionally, the Commonwealth must prove beyond a reasonable doubt that [the defendant] committed a direct, but ineffectual, act to accomplish the crime." Id. The analysis of whether assault is a lesser-included offense of robbery is the same as whether assault is a lesser-included offense of attempted robbery.

In Guss, the Supreme Court of Virginia found the trial court did not err in refusing to grant an instruction on assault and battery in a robbery trial. The Supreme Court specifically found that there was no factual dispute in the evidence and that "[a]ll the evidence showed that the defendant struck and beat [the victim] and that he took [his] wallet concomitant with the striking and beating." Id. at 15, 225 S.E.2d at 197. Thus, the Court concluded that the only possible verdicts were "either guilty of robbery or no offense at all." Id.

We read Guss to simply state that in order to grant an instruction, there must be evidence in the record to support granting of the instruction. The Supreme Court in Guss never engaged in a lesser-included offense analysis, i.e., whether the elements of the greater offense necessarily include all the elements of the lesser offense, and therefore never reached the question of whether assault and battery is a lesser-included offense of robbery. Further, our view is supported by the Supreme Court's unpublished order in Sanchez v. Commonwealth, 01 Va. S. Ct. UNP 001179 (2001). There, subsequent to Guss, the Supreme Court affirmed Sanchez, 32 Va. App. 238, 527 S.E.2d 461, on the merits and restated this Court's conclusion that assault and battery is not a lesser-included offense of robbery. See Roane v. Roane, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991) ("We are bound by decisions of the Supreme Court of Virginia and are without authority to overrule [them]."). Thus, Guss does not affect our decision in this case.

Finally, appellant claims the trial court erred in rejecting his proposed instruction because ample evidence supported a finding of assault. See Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992) ("If any credible evidence in the record supports a proffered instruction on a lesser[-]included offense, failure to give the instruction is reversible error. . . . Such an instruction, however, must be supported by more than a mere scintilla of evidence."). Because we conclude that assault is not a lesser-included offense of robbery, we need not address

whether the evidence supported appellant's requested instruction.  <u>Chibikom v. Commonwealth,</u>

54 Va. App. 422, 427, 680 S.E.2d 295, 297 (2009).

CONCLUSION

Because we find that assault is not a lesser-included offense of robbery, the trial court did

not err in refusing to give a jury instruction on assault during appellant's trial for attempted

robbery.[3]

<u>Affirmed.</u>

---

[3] Prior to oral argument, we asked the parties to prepare supplemental briefing on the issues of:  (1) whether appellant proffered finding instructions to the trial court that included assault, and assault and battery, as lesser-included offenses to robbery; (2) if not, are those issues waived; and (3) what is the effect of not offering a jury instruction defining assault and battery. Because appellant abandoned his assault and battery argument, and the Commonwealth did not contend the failure to tender the exact finding instruction on assault waived the issue, we will not address these issues here.