COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, Chafin and Senior Judge Haley
Argued at Fredericksburg, Virginia


NATHANIEL HOWARD MOONE, III

                                                MEMORANDUM OPINION* BY
v.        Record No. 1750-16-4                  JUDGE JAMES W. HALEY, JR.
                                                NOVEMBER 14, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

Harry A. Dennis, III (Dennis, Stewart & Krischer, PLLC, on brief),
for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Nathaniel Howard Moone, III ("appellant") was convicted of attempted robbery by a jury.

On appeal, he contends that the evidence was insufficient to support his conviction because it failed

to prove that the attempted robbery was accomplished by force or intimidation.  Because appellant

did not raise this specific sufficiency of the evidence argument through either a motion to strike or a

motion to set aside the verdict, we conclude that he has failed to preserve it for appeal.

"When considering on appeal the sufficiency of the evidence presented below, we

'presume the judgment of the trial court to be correct' and reverse only if the trial court's

decision is 'plainly wrong or without evidence to support it.'"  Kelly v. Commonwealth, 41

Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Davis v. Commonwealth, 39

Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)).  "On appeal, we review the evidence in the

light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

deducible therefrom." Wells v. Commonwealth, 65 Va. App. 722, 725, 781 S.E.2d 362, 364 (2016) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence proved that, on the afternoon of December 15, 2015, appellant entered a bank wearing a blue cap, black jacket, and wool gloves. His face was covered by a surgical mask, and he was carrying a backpack. The teller attempted to engage him in conversation, but when he did not respond, the teller concluded he was "physically challenged" or "unable to hear [her]."

Eventually, appellant passed a note to the teller. The note stated, "teller, both drawers, 60 seconds." When the teller did not immediately read the note, appellant told her, "Keep quiet, it's a robbery." The teller testified that she was "pretty shaken" by appellant's statement and dropped her key while attempting to open one of her cash drawers. When she stood up after retrieving the key, appellant had gone. A video of the entire encounter was viewed by the jury.

On appeal, appellant argues that the note and his brief statement were insufficient to prove that he attempted to accomplish the robbery by "force or intimidation." He contends that "nothing in [his] actions was designed to put [the teller] in fear of bodily harm," as he did not make any threatening gestures or threaten to harm her if she failed to comply with his demands. Citing Adeniran v. Commonwealth, 63 Va. App. 617, 761 S.E.2d 782 (2014), and Bivens v. Commonwealth, 19 Va. App. 750, 454 S.E.2d 741 (1995), he maintains that the teller's fear was "incidental" to the attempted robbery itself, in contrast to fear or intimidation[1] created by appellant's words or conduct.

---

[1] As we reiterated in Pressley v. Commonwealth, 54 Va. App. 380, 679 S.E.2d 551 (2009):

> "Intimidation is defined as 'unlawful coercion; extortion; duress; putting in fear.' 'To take or attempt to take, "by intimidation" means willfully to take, or attempt to take, by putting in fear of bodily harm.' Intimidation results when the words or conduct of

At trial, the sole argument presented to the trial court in support of appellant's motion to strike the evidence was that the evidence failed to prove appellant was the perpetrator. Appellant did not argue that the evidence failed to prove force or intimidation. While appellant argued the lack of evidence proving force or intimidation in his closing argument to the jury, "in a jury trial, the closing argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law. Only a motion to strike the evidence accomplishes that objective in a jury trial." Campbell v. Commonwealth, 12 Va. App. 476, 481, 405 S.E.2d 1, 3 (1991) (*en banc*).

Pursuant to Rule 5A:18, we "will not consider an argument on appeal [that] was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

> Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. A general argument or an abstract reference to the law is not sufficient to preserve an issue. Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.

Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*). Thus, presenting one argument to the trial court on the sufficiency of the evidence does not preserve all

---

the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the victim's will, placing the victim in fear of bodily harm."

Id. at 385, 679 S.E.2d at 554 (quoting Anderson v. Commonwealth, 52 Va. App. 501, 507, 664 S.E.2d 514, 517 (2008)). "Threats of violence or bodily harm are not an indispensable ingredient of intimidation. It is only necessary that the victim actually be put in fear of bodily harm by the willful conduct or words of the accused." Id. at 386, 679 S.E.2d at 554 (quoting Harris v. Commonwealth, 3 Va. App. 519, 521, 351 S.E.2d 356, 357 (1986)). "Where the defendant's conduct amounts to intimidation or '*is reasonably calculated to produce fear*,' and is concomitant with a taking, the evidence is sufficient to support a conviction for robbery." Id. (emphasis in original) (quoting United States v. Amos, 566 F.2d 899, 901 (4th Cir. 1977)) (other citation omitted).

sufficiency of the evidence arguments on appeal. See Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999). The same specific argument presented on appeal must have been raised at trial before it may be considered by this Court. See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 417 (1994) (applying Rule 5A:18 where appellant failed to raise the same arguments to the trial court); Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978) (same). "The purpose of the rule is to 'afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).

"Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, appellant does not argue these exceptions and we will not invoke them *sua sponte*." Williams v. Commonwealth, 57 Va. App. 341, 347, 702 S.E.2d 260, 263 (2010).

Accordingly, we hold that appellant is barred by Rule 5A:18 from raising this issue for the first time on appeal.

Affirmed.